**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| LEEANN HARWICK, | ) | CASE NO. 3:21-cv-1574 |
| | ) | |
| Plaintiff, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| vs. | ) | |
| | ) | **DEFENDANTS' REPLY BRIEF IN** |
| CEDAR FAIR, L.P., et al., | ) | **SUPPORT OF THEIR MOTION TO** |
| | ) | **DISMISS** |
| Defendants. | ) | |
| | ) | |
| | ) | |

Now comes the Defendants, Cedar Fair, L.P. and Cedar Point Park LLC (hereinafter "Defendants"), by and through counsel, and hereby submit this Reply Brief in Support of their Motion for Dismiss. A Brief in support of the Reply Brief is attached hereto and incorporated by reference as if fully rewritten herein.

                                             Respectfully submitted,

                                             /s/Justin D. Harris
                                             JUSTIN D. HARRIS (0078252)
                                             REMINGER CO., L.P.A.
                                             237 W. Washington Row, 2nd Floor
                                             Sandusky, Ohio 44870
                                             Phone: (419) 609-1311
                                             Fax:   (419) 626-4805
                                             E-Mails: jharris@reminger.com

                                             Counsel for Defendants

**BRIEF**

I. **STATEMENT OF THE CASE**

In their opening brief, Defendants outlined the factual and legal basis in support of their motion to dismiss this lawsuit. Specifically, Defendants provided unwavering legal arguments to support one simple notion—namely, Defendants are not liable for the alleged off-duty sexual assault of the Plaintiff by an off-duty employee. Stated differently, while the alleged off-duty sexual assault (if true) is unfortunate, it does not give rise to an independent cause of action against these Defendants under a hostile work environment theory of liability or under a premises liability theory.

While Plaintiff's brief in opposition did accurately point out Defendants' inadvertent citation to the Ohio Civil Rule 12(B) motion to dismiss standard—as opposed to the Federal Rule 12(b)(6) motion to dismiss standard, Plaintiff's brief did little, if anything, to overcome the motion to dismiss under either standard. In opposing Defendants' Motion to Dismiss, Plaintiff claims the motion to dismiss should be denied because (a) Plaintiff alleges she was raped, (2) the company that owns the residential facility in which the rape occurred is affiliated with her employer, and (3) an alleged rape occurred at the same property many years ago thereby placing the Defendants on notice of the potential for the subject sexual assault to occur.

Assuming for the sake of argument that these facts are true, Plaintiff still fails to establish how said allegations give rise to a hostile work environment employment claim. Although not plead in her complaint, Plaintiff further argues that the premises liability (negligence) claim should survive Defendants' motion to dismiss because there was no security posted inside every single residential facility—just the gate to the complex. Albeit self-serving, Plaintiff's allegations fail to establish a claim upon which relief can be granted under Ohio law.

Plaintiff has failed to plead any facts demonstrating, or even suggesting, that (1) Plaintiff was subjected to a hostile work environment, or (2) that Defendants knew of the sexual harassment and failed to implement prompt and appropriate corrective action. Similarly, as it relates the premises liability/negligence claim, Plaintiff has failed to plead any facts to suggest that Defendants (1) should have foreseen the alleged assault by the off-duty co-worker and (2) failed to implement reasonable precautions. Notwithstanding, assuming the factual allegations raised for the "first time" by Plaintiff's in her brief in opposition are somehow incorporated into the Complaint as plead facts, and assumed true, Plaintiff's claims nonetheless fail as a matter of law.

## II. LAW AND ANALYSIS

### A. PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIM FAILS

Plaintiff contends that she has a valid hostile work environment claim. In her brief in opposition, however, she does not reference any allegations set forth in her complaint that establish a "plausible" hostile work environment claim. In order for there to be a hostile work environment claim, Plaintiff must plead facts showing that she was subjected to a hostile work environment. *Williams v. General Motors Corp.*, 187 F. 3d 553 (6th Cir. 1999).

In opposing Defendants' Motion to Dismiss, Plaintiff contends "for the first time" that the alleged rape occurred within her employment because an affiliate company of her employer owned the residential facility where the allege rape occurred. Although not plead in her Complaint, the residential facility that Plaintiff resided in was not a mandatory or encouraged place for employees to reside. More importantly, the residential facility is not owned or managed by Plaintiff's employer. It is simply offered as a cheaper residential option for employees of Cedar Fair to reside during the season should they choose to do so. The mere fact that a residential facility was made

3

available to "employees only tenants" by a third-party company, does not mean that everything that occurred at the facility is part of the tenant's employment.

The alleged rape occurred long after Plaintiff had left work—when she decided to socialize with her friends, who happened to be coworkers. *See* Complaint at ¶¶ 9, 11, 12-14. After socializing, Plaintiff provided her individual room number to the alleged assailant, who entered through the unlocked door to her private room and allegedly raped her. *Id.* Outside of the fact that the Plaintiff and alleged assailant both worked at Cedar Point, nothing about the assault occurred in a work-place setting.

Plaintiff's self-serving, bald assertions are mere red herrings. The following facts, as alleged by the Plaintiff in her complaint, do not establish a viable employment claim under a theory of a hostile work environment, but a swift dismissal of this lawsuit:

- After voluntarily socializing for hours that night with various off-duty co-workers, Plaintiff provided her room number to the alleged assailant, Can Oncul. Complaint at ¶ 14.

- Can Oncul was also a resident of the dorms where Plaintiff was residing and as such, had been cleared through security. Plaintiff was aware of this. Based on the information Ms. Harwick provided Mr. Oncul, Mr. Oncul found Plaintiff's room and entered through the unlocked door. *Id.* at ¶¶ 18-19.

- When Mr. Oncul entered Plaintiff's room and closed the door behind him, the alleged assault occurred. *Id.* at ¶ 19.

- After the alleged assault, Plaintiff called the police. Security immediately responded and escorted Ms. Harwick out. Security then turned Mr. Oncul over to the Sandusky police. *Id.* at ¶¶ 23-25.

- Although it is not plead, after the alleged sexual assault occurred, Plaintiff was never put in a position in her employment where she had to work with Mr. Oncul again. Therefore, Ms. Harwick was never put in a position to be in a work environment that could have been hostile.

It is worth noting that Plaintiff did not allege in her Complaint that she was required to work with the alleged assailant following the alleged sexual assault. When a coworker is the

4

alleged assailant, Plaintiff must plead facts alleging that (1) the employer should have known about the sexual harassment, and (2) that the employer failed to take prompt and appropriate action. *Hafford v. Seidner*, 183 F. 3d 506 (6th Cir. 1999). Stated differently, where a coworker is the alleged harasser, "an employer will generally not be liable unless '"the employer either provided no reasonable avenue of complaint or knew of the harassment but did nothing about it."' *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1305, 1995 U.S. App. LEXIS 27612, *23, 68 Fair Empl. Prac. Cas. (BNA) 1508, 67 Empl. Prac. Dec. (CCH) P43,816. By Plaintiff's own admission, following the assault the alleged assailant was turned over the local police authority and Plaintiff was never required to work with her alleged assailant. *See* Complaint ¶¶ 23-25.

Instead, Plaintiff attempts to establish prior knowledge of harassment on the part of the Defendants, by citing to a previous lawsuit filed against these Defendants by a former employee's parent/guardian whose minor child was allegedly sexually assaulted by a coworker at the residential facility years ago. By blindly highlighting this previous lawsuit (which the Court should take judicial notice of the fact that it was dismissed), Plaintiff is attempting to establish a causal connection between the two separate incidents, years apart, involving separate individuals.

Again, these bald assertions are being raised for the first time by the Plaintiff in her brief in opposition and were not alleged in her Complaint. These allegations are not contained in the Plaintiff's Complaint, as Plaintiff would inevitably have to admit the case was dismissed and involved a minor, non-resident employee who somehow gained access into the residential facility. The issue in *Hush* was how did a minor gain access to a residential facility that required any non-residential guests to be 18 years or older? Unlike the *Hush* case, this case involves two adult individuals who both lived at the residential facility. To contend that the Defendants should have been on notice that an off-duty employee resident of the facility would sexually assault another

5

off-duty employee resident of the facility after the two of them hung out for hours at an off-premises party, by virtue of a minor, non-resident employee being allegedly raped at the same facility 4-5 years prior is disingenuous, improper, and formulated on mere conjuncture.

What the Court cannot lose sight of is the fact that Plaintiff alleges in her Complaint that Defendants immediately responded by turning Mr. Oncul and the case over to Sandusky Police for investigation. Moreover, there are no allegations that Defendants ever placed Ms. Harwick into a situation where she was required to work with alleged assailant, eliminating any potential for Ms. Harwick's work environment to be hostile.

Moreover, Plaintiff has plead no facts showing that her employer should have known of the alleged harassment or potential for harassment. In fact, Plaintiff herself, who socialized with him on a personal level outside of work, did not have concerns with Mr. Oncul. She trusted him so much so that she had provided her own room number to him and left her dorm unlocked knowing that he was a resident and thus had cleared security. Clearly, this alleged assault was unforeseen by all parties, including Ms. Harwick. Despite Plaintiff's creative attempt to make something out of nothing, these facts simply do not give rise to a hostile work environment claim under either Ohio or Federal law.

### B. PLAINTIFF'S ALLEGATIONS DO NOT GIVE RISE TO A NEGLIGENCE CLAIM.

In order to assert a plausible claim for negligence, Ms. Harwick must plead facts demonstrating that the precise harm (in this case, the third party's criminal act/sexual assault) which is alleged to have befallen on the Plaintiff was foreseeable. *Wheatley v. Marietta College*, 4th Dist. No. 14CA18, 2016-Ohio-949, 48 N.E. 3d 587, ¶¶ 59-72.[1] Not only that, but a premises

---

[1] Notably, Plaintiff tries to distinguish the cases of *Wheatley, Carmichael,* and *Doe* merely because the cases were determined on summary judgment. While the other cases may have been dismissed at a later stage in the litigation process, where Plaintiff has failed to allege facts that fail to state a claim upon which relief can be granted—the stage in the litigation process is of no consequence.

6

owner is also not the insurer against all criminal activity. *Carmichael v. Colonial Square Apts*, 38 Ohio App. 3d 131, 528 N.E. 2d 585, 586 (10th Dist. 1987). As such, a landowner is only liable to an invitee where the landowner foresaw the precise criminal activity and failed to take reasonable precautions to provide security. *Id.* As evidenced in the case law, reasonable precautions do not mean that the landlord must do everything possible to provide security, but only to implement some type of reasonable protection. Things that have stood **on their own** to be reasonable precautions include:

- Locks and a peep hole[2]; and
- Measures to ensure only residents could access the dorms.[3]

Here, not only has Plaintiff failed to allege facts even suggesting that the precise alleged crime against Ms. Harwick was foreseeable, but Plaintiff has also failed to allege facts showing that Defendants failed to take reasonable safety precautions. With regard to foreseeability, Plaintiff again alludes to the unrelated incident in *Hush*[4] in an effort to establish that it was foreseeable that Mr. Oncul[5] was going to assault Ms. Harwick. Frankly, a one-off incident involving a minor that occurred years prior does not create a pattern where Defendants should foresee that *any* future criminal activity would occur in the dorms. This is especially true when it occurs between two adult individuals who both live in the dorms and are thus authorized to be there.

---

[2] See *Carmichael v. Colonial Square Apts*, 38 Ohio App. 3d 131, 528 N.E. 2d 585, 586 (10th Dist. 1987).
[3] See *Doe v. Flair Corp., 129 Ohio App. 3s 739, 747 (8th Dist. 1998).* Significantly, while this has been considered a reasonable precaution, it is not necessary, as just because an unauthorized person could access the building does not mean criminal activity was foreseeable. *Wheatley v. Marietta College*, 4th Dist. No. 14CA18, 2016-Ohio-949, 48 N.E. 3d 587, ¶¶ 59-72.
[4] Not only does the *Hush* case involve completely different parties many years prior to this alleged incident, but it involves a completely different set of facts. There, the victim was a 14-year-old girl was allegedly raped by a short-term volunteer working at the park with his fraternity. The victim had gotten through security to the dorms as a minor where she was allegedly raped and was given alcohol, which was not allowed in the dorms. *Hush v. Cedar Fair, L.P.*, 233 F. Supp. 3d 598, 602, 2017 U.S. Dist. LEXIS 18633, *3, 2017 WL 528324. This is much different than an adult living in the residence and having the power to choose who she provides her room number to. As an adult, Ms. Harwick had the ability to consent to sexual relations with whomever she chooses, including other residents in the dorms. It was not Defendants' nor anyone else's responsibility to stop those kinds of instances from occurring, and it was not foreseeable that sexual assault between two individuals both living in the dorms and cleared by security would occur.
[5] Mr. Oncul had no known history of sexual misconduct (or misconduct of any kind).

Apart from being unforeseeable, Plaintiff has plead no facts showing that Defendants could be liable for the third-party criminal act. Specifically, Plaintiff has failed to allege any facts to make it plausible that Defendants failed to take reasonable precautions for the Plaintiff's safety (the only duty Defendants would owe Plaintiff if criminal acts were foreseeable). To the contrary, Plaintiff admitted that (1) a lock was present on her individual door that she simply chose not to use it, and (2) security was posted and was actively ensuring that only authorized individuals (i.e., the residents that live there) had access to the dorms. As a matter of law, just one of these two safety measures <u>on their own</u> would constitute a reasonable precaution such that liability with regard to the landowner cannot be found. Plaintiff has admitted through her pleadings that <u>both</u> safety precautions were present. As such, this claim necessarily fails as a matter of law and Defendants' Motion to Dismiss should be granted.

    **C.**    **FEDERAL 12(B)(6) STANDARD OF REVIEW**

To survive a motion to dismiss, the complaint's "[f]actual allegations must be enough to <u>raise a right to relief above the speculative level</u> . . . on the assumption that all the allegations in the complaint are true." The court "need not accept as true legal conclusions or unwarranted factual inferences." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). Following *Twombly* and *Iqbal*, it is also well settled that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Id.*, (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face if the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

8

<u>Plausibility is not the same as probability, but rather "asks for more than a sheer possibility that a defendant has acted unlawfully."</u> *Id.* (stating that factual allegations "merely consistent with liability stop[s] short of the line between possibility and plausibility"). *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369, 2011 U.S. App. LEXIS 16002, *8, 2011 FED App. 0203P (6th Cir.), 2011 WL 3330114 (6th Cir. Mich. August 4, 2011). A plaintiff must plead more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Simpson v. Baskin*, M.D.Tenn. No. 3:17-cv-01077, 2018 U.S. Dist. LEXIS 30555, at *6 (Feb. 26, 2018). Here, regardless of what standard is applied, either the Federal or Ohio standard, Plaintiff's claims fail.

### III.    **CONCLUSION**

The authoritative law expressed in Defendants' Motion to Dismiss shows that Plaintiff has failed state any claim upon which relief can be granted. Plaintiff's Response in Opposition has done nothing to prove otherwise. As such, Defendants, Cedar Fair, L.P. and Cedar Point Park, LLC, respectfully request that Plaintiff's claims be dismissed with prejudice pursuant to Civ. Rule 12(b)(6).

Respectfully submitted,

/s/Justin D. Harris
JUSTIN D. HARRIS (0078252)
REMINGER CO., L.P.A.
237 W. Washington Row, 2nd Floor
Sandusky, Ohio 44870
Phone: (419) 609-1311
E-Mails: jharris@reminger.com

Counsel for Defendants

9

**CERTIFICATE OF SERVICE**

A copy of the foregoing Defendants' Motion to Dismiss was sent this 29th day of December 2021, via e-mail to the following:

| | |
|---|---|
| Owen B. Dunn, Jr. (OH00074743)<br>The Law Offices of Owen Dunn, Jr.<br>The Ottawa Hills Shopping Center<br>4334 W. Central Avenue, Suite 222<br>Toledo, Ohio 43615<br>dunnlawoffice@sbcgolbal.net | Lead Counsel for Plaintiff |
| Bertrand R. Puligandla (OH611400)<br>Vijay K. Puligandla (OH0041011)<br>The Puligandla Law Firm, LLC<br>1700 Canton, Suite 1-A<br>Toledo, Ohio 43604<br>vpuligandla@yahoo.com | Co-Counsel for Plaintiff |

/s/Justin D. Harris
JUSTIN D. HARRIS (0078252)