UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Leeann Harwick,                                             Case No.  3:21-cv-1574

          Plaintiff,

    v.                                                      MEMORANDUM OPINION
                                                 AND ORDER

Cedar Fair, L.P., *et al.*,

          Defendants.

## I. Introduction and Background

Plaintiff Leeann Harwick asserted three claims against Defendants Cedar Fair, L.P., and

Cedar Point Park LLC: hostile work environment claims under Title VII, 42 U.S.C. § 2000e, and

Ohio Revised Code § 4112, as well as a premises liability claim under Ohio common law.  (Doc. No.

3).  Defendants filed a motion to dismiss those claims, (Doc. No. 7), which I granted.  (Doc. No.

14).

Harwick now seeks an order altering or amending the judgment.  (Doc. No. 16).  She argues

"newly discovered evidence and the prevention of manifest injustice require" that the judgment be

amended to state the dismissal of her premises liability claim is without prejudice.  (*Id.* at 1).

Harwick also seeks leave to amend her complaint to include additional factual allegations regarding

the numerosity and frequency of alleged sexual assaults occurring in Cedar Fair employee housing

since 2017.  (*Id.* at 4).  Harwick does not challenge the dismissal of her hostile work environment

claims and proposes to file a Second Amended Complaint stating only a premises liability claim.  (*See id.* at 1-4; Doc. No. 16-4 at 9-12).

Defendants oppose Harwick's motion to alter or amend the judgment and her motion for leave to amend her complaint.  (Doc. No. 17).  Defendants contend the proposed Second Amended Complaint does not contain newly discovered evidence because Harwick knew of the evidence before I issued my opinion granting the motion to dismiss, and because the proposed new allegations "do[] not add anything to Plaintiff's allegations in her complaint."  (*Id.* at 9).  Defendants argue Harwick is not entitled to leave to amend her complaint for the same reason.  (*Id.* at 9-10).

Harwick filed a brief in reply, arguing my earlier decision imposed a heightened pleading standard as to her premises liability claim that she could not have anticipated and, therefore, she was not required to seek leave to amend her complaint at an earlier time.  (Doc. No. 18).

For the reasons stated below, I grant Harwick's motion to alter or amend the judgment and dismiss her premises liability claim without prejudice.

## II.    STANDARD

"When a party seeks to amend a complaint after an adverse judgment, . . . [the moving party] must meet the requirements for reopening a case established by Rules 59 or 60."  *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010).  Rule 59(e) states that a party must file a motion to alter or amend a judgment within 28 days of the entry of the judgment.  Fed. R. Civ. P. 59(e).  The party filing a Rule 59(e) motion must demonstrate there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice."  *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

## III.    ANALYSIS

In her timely filed Rule 59(e) motion, Harwick first asserts she has newly discovered evidence to support her premises liability claim, arising from a television news series reporting there

were at least 28 reported incidents in which an employee sexually assaulted another employee in

Cedar Fair employee housing units between 2017 and 2022.  Defendants argue the evidence

Harwick cites does not qualify as "newly discovered" because Harwick was aware of the evidence

before I granted Defendants' motion to dismiss.

Harwick responds that she did not seek leave to amend her complaint prior to judgment

because she believed the allegations in her First Amended Complaint were sufficient under Rule

12(b)(6).  Harwick argues I imposed a heightened pleading standard when I relied on Ohio caselaw

arising from summary judgment motions, that she could not have anticipated this heightened

pleading standard, and that it would be manifestly unjust to prohibit her from amending her

pleadings to allege Defendants were aware of those 28 reported sexual assaults.  (Doc. No. 18 at 3-4,

6).

I previously summarized the applicable law as follows:

Under Ohio law, an owner or occupier of a premises owes an invitee "a duty of
ordinary care in maintaining the premises in a reasonably safe condition so that its
customers are not unnecessarily and unreasonably exposed to danger." *Paschal v. Rite
Aid Pharmacy, Inc.*, 480 N.E.2d 474, 475 (Ohio 1985).  "A premises owner must warn
its invitees of latent or concealed dangers if the owner knows or has reason to know
of the hidden dangers." *Aycock v. Sandy Valley Church of God*, 2008-Ohio-105, 2008
WL 115829, at *4 (Ohio Ct. App. Jan. 8, 2008) (citing *Jackson v. Kings Island*, 390
N.E.2d 810, 813 (Ohio 1979)).

The general rule in a premises liability case is that 'there is no . . . duty to anticipate
or foresee criminal activity.'" *Est. of Ciotto v. Hinkle*, 145 N.E.3d 1013, 1021 (Ohio
Ct. App. 2019) (quoting *Fed. Steel & Wire Corp. v. Ruhlin Constr. Co.*, 543 N.E.2d 769,
773 (Ohio 1989)) (further citation omitted).  There are a few limited exceptions to
this general rule, including that, in certain circumstances, a "special relationship may
arise based on the foreseeability of the harm . . . to impose a duty where a third party
uses the property to inflict harm 'similar in nature to that already experienced or
initiated' from the premises." *Ciotto*, 145 N.E.3d at 1021 (quoting *Fed. Steel*, 543
N.E.2d at 776).  Foreseeability, in turn, is defined in the context of the "totality of
the circumstances," such as "the location and character of the business and past
crimes of a similar nature." *Krause v. Spartan Stores, Inc.*, 815 N.E.2d 696, 699 (Ohio
Ct. App. 2004) (citing *Reitz v. May Co. Dep't Stores*, 583 N.E.2d 1071, 1074-75 (Ohio
Ct. App. 1990)) (further citation omitted).

Ohio courts have refined this point even further: "the totality of the circumstances [must] be 'somewhat overwhelming' before a business owner or operator will be held to be on notice of and under a duty to protect against the criminal acts of third parties." *Mack v. Ravenna Men's Civic Club*, 2007-Ohio-2431, 2007 WL 1461791, at *4 (Ohio Ct. App. May 18, 2007) (citing cases).  This "standard" requires that the facts underlying the plaintiff's claim involve "circumstances in which 'a reasonably prudent person would have anticipated that an injury was *likely* to result from the performance or nonperformance of an act.'" *Ciotto*, 145 N.E.3d at 1022 (quoting *Fed Steel*, 543 N.E.2d at 773) (emphasis added by *Ciotto*).

(Doc. No. 14 at 5-6).

As Harwick points out, the cases I cited were decided at the summary judgment stage or at trial.  I relied on these cases because my research uncovered few, if any, Ohio cases examining liability for third-party criminal acts at the pleadings stage.  In short, the cases I cited provided the clearest picture of the legal principles at stake.

While I remain convinced I correctly stated Ohio law as to Harwick's premises liability claim, I am persuaded that Harwick has established sufficient grounds to alter the dismissal of that claim to be without prejudice.

The interplay between Rule 15 and Rule 59 is important here, as is the chronology of events. The Sixth Circuit has stated that, in exercising its discretion with respect to a post-judgment motion to amend, a district court considering an opposing party's "'undue delay' [arguments] – including delay resulting from a failure to incorporate 'previously []available' evidence – . . . ought to pay particular attention to 'the movant's explanation for failing to seek leave to amend prior to the entry of judgment.'" *Leisure Caviar*, 616 F.3d at 616 (quoting *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) and *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)) (second alteration by *Leisure Caviar*).

Defendants moved to dismiss on October 11, 2021.  (Doc. No. 7).  Harwick filed her brief in opposition on December 2, 2021, (Doc. No. 10), and Defendants filed their brief in reply on December 29, 2021.  (Doc. No. 12).  At some point, Harwick provided an interview to a local

television station regarding her allegations against Defendants and was told her interview would be part of a larger story. (Doc. No. 18 at 6). Harwick represents she was unaware of the scope of the story, or the number of allegations reported until the station broadcasted the story on May 2, 2022.[1] (*Id*.). I then issued my decision granting Defendants' motion to dismiss on June 21, 2022.

Thus, while Harwick knew of the facts underlying her proposed amendments prior to the time I issued my decision, there is no evidence she knew those facts five months earlier when she filed her brief in opposition to Defendants' motion to dismiss. Defendants have not shown Harwick engaged in undue delay by failing to move for leave to amend her complaint in the comparatively short period of seven weeks between the television broadcast and the issuance of my decision.

There is another consideration looming which the parties hint at, but which they do not directly address. Harwick challenges only my decision on her premises liability claim, and her Proposed Second Amended Complaint states only the premises liability claim. This Court had supplemental jurisdiction over that claim pursuant to 28 U.S.C. § 1367. There are no remaining federal claims, which previously provided original subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Further, because there are Ohio citizens on both sides of the litigation, this court does not have original subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Because there is no remaining basis for federal court jurisdiction over her premises liability claim, this court would not have jurisdiction of Harwick's Proposed Second Amended Complaint.

---

[1] Defendants assert Harwick "may even have been a driving force" behind the television broadcast and that "information [regarding the other reported sexual assaults] was likely known by Plaintiff for months, or even longer." (Doc. No. 17 at 4 n.5). Defendants offer no factual basis for these statements, which appear to be no more than speculation.

Without jurisdiction over Harwick's Second Proposed Amended Complaint, I may not consider Defendants' arguments that her proposed amendments would be futile.[2]  Still, I conclude it would be manifestly unjust to deny Harwick the opportunity to pursue a forum in which her claim may be heard.  Therefore, I grant Harwick's Rule 59(e) motion and alter the dismissal of her premises liability claim to state that dismissal is without prejudice.

## V.    CONCLUSION

For the reasons stated above, I grant Harwick's motion to alter or amend the judgment against her and dismiss her premises liability claim without prejudice.  (Doc. No. 16).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

---

[2]  (*See* Doc. No. 17 at 8-9).