UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Leeann Harwick,                                           Case No.  3:21-cv-1574

           Plaintiff,

v.                                                        ORDER

Cedar Fair, L.P., *et al.*,

           Defendants.

      Plaintiff Leeann Harwick has filed a second motion to alter or amend the judgment entered in this case. (Doc. No. 20). I previously granted her motion to alter or amend the judgment by converting my dismissal of her premises liability claim to be without prejudice, and dismissing that claim for lack of subject matter jurisdiction. (Doc. No. 19). Harwick argues that decision was incorrect because diversity jurisdiction exists pursuant to 28 U.S.C. § 1332, and because it would be manifestly unjust to dismiss her Proposed Second Amended Complaint. (Doc. No. 20 at 1). Harwick's arguments are not persuasive.

      Harwick first argues diversity jurisdiction exists because she alleges in her Proposed Second Amended Complaint that she is a citizen of Michigan and Defendants are citizens of Ohio and Delaware. (Doc. No. 20 at 3-4). (*See also* Doc. No. 16-4 at 1-2). But "federal jurisdiction is tested according to the facts as they exist at the time an action is initiated." *Television Reception Corp. v. Dunbar,* 426 F.2d 174, 177 (6th Cir. 1970). At the time her complaint was filed, Harwick represented she was an Ohio resident. (*See* Doc. No. 1-1 at 1 (listing residence as Toledo, Ohio, one month prior to initiation of litigation); Doc. No. 1-2 at 1 (listing county of residence as Lucas County, Ohio,

at time of filing)). Just as "diversity jurisdiction, once acquired, is not defeated by events occurring subsequent to the commencement of the action," *Television Reception Corp.*, 426 F.2d at 177, diversity jurisdiction cannot be acquired through events occurring after a lawsuit has been filed.

Harwick next argues that dismissal of her premises liability claim would be manifestly unjust because she would not have a forum to pursue that claim. (Doc. No. 20 at 4). But dismissals without prejudice by an Ohio-based federal court, including dismissals for lack of jurisdiction, are considered to be a failure of a claim otherwise than on the merits for purposes of Ohio Revised Code § 2305.19. *See, e.g., Wasyk v. Trent*, 191 N.E.2d 58, 60 (Ohio 1963); *Osborne v. AK Steel/Armco Steel Co.*, 775 N.E.2d 483, 484-85 (Ohio 2002). *See also Parrish v. HBO & Co.*, 85 F. Supp. 2d 792 (S.D. Ohio 1999) (discussing application of 28 U.S.C. § 1367(d)). Harwick's argument that a dismissal would be manifestly unjust due to the operation of the statute of limitations is not persuasive.

For these reasons, Harwick's motion to alter or amend the judgment is denied. (Doc. No. 20).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge